NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7203

DONALD GRANT,

Claimant-Appellant,

v.

R. James Nicholson,
SECRETARY OF VETERANS AFFAIRS,

Respondent-Appellee.

—————————————————

DECIDED:  April 14, 2006

—————————————————

Before MICHEL, Chief Judge, NEWMAN and MAYER, Circuit Judges.

PER CURIAM.

Mr. Donald E. Grant appeals the decision of the Court of Appeals for Veterans Claims affirming the termination of his non-service-connected pension benefits.  Because this court lacks jurisdiction to review nonconstitutional, factual determinations, in this case whether Mr. Grant is unemployable due to various injuries and afflictions, the appeal is dismissed.

ANALYSIS

Mr. Grant, who was working as a truck driver, was assaulted in March 1991. He was struck on the head and his ankle was broken. He sustained a subdural hematoma, had hypertension, and had pain while walking or standing on his ankle after it was repaired with a screw. In addition, Mr. Grant had complaints of headaches, dizziness, and weakness.

In 1993, a hearing officer gave Mr. Grant a non-service-connected pension, evaluating him at a 40% disability rating based on hypertension, postoperative subdural hematoma, and peripheral neuropathy of the left and right legs. An extraschedular evaluation was given according to 38 C.F.R. §3.321(b)(2) (for a veteran who is "found to be unemployable by reason of his or her disability, age, occupational background and related factors . . . .").

Mr. Grant reported working for a taxi cab service starting in September 1999, working 3 to 5 days or half-days per week. In 2000 he reported a gross income of $35,576, but claimed expenses of $26,000 for lease of the taxi and $9,000 in fuel, with a net operating loss of $770 for the year. In the fall of 2001, a rating officer terminated his pension benefits on the basis that Mr. Grant had demonstrated an ability to obtain and maintain gainful employment.

The VA provided various medical evaluations, and in January 2003 the Board found that Mr. Grant was 30% disabled, but that he was able to maintain gainful employment. The Board affirmed the termination of pension benefits.

Mr. Grant appealed to the Court of Appeals for Veterans Claims, pointing to the evidence before the regional office that he is unable to drive for more than 3-4 hours per day and "if he drives for too long, he will fall asleep while driving," and that he has

dizziness. The court analyzed the evidence, and reviewed whether his part-time self-employment driving a cab is the type of "marginal employment" contemplated in 38 C.F.R. §4.17(a) ("Marginal employment, for example, as a self-employed farmer or other person, while employed in his or her own business, or at odd jobs or while employed at less than half the usual remuneration will not be considered incompatible with a determination of unemployability, if the restriction, as to securing or retaining better employment, is due to disability"). Applying this regulation, the Court of Appeals for Veterans Claims concluded that Mr. Grant had not demonstrated unemployability.

We cannot review factual determinations, or application of the law to facts. We have reviewed whether the court correctly interpreted the statute and regulations concerning "marginal employment" and other legal provisions related to Mr. Grant's arguments that the medical examinations he received were inadequate and that the Board and the court did not consider certain relevant factors and did not take into account his complete physical examination and his type of earning and wages. The issues raised by Mr. Grant are all factual, and the finding by the Court of Appeals for Veterans Claims that Mr. Grant's work activity shows that he is employable is a factual determination, and not reviewable by this court.

Because we are without jurisdiction to review the appeal of Mr. Grant, the appeal is dismissed.

No costs.